**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **MOBILE ENHANCEMENT SOLUTIONS LLC,** | |
| Plaintiff, | |
| | Civil Action No. 3:12-cv-00795 |
| **v.** | |
| **APPLE, INC.; AT&T MOBILITY LLC; VERIZON COMMUNICATIONS INC.; CELLCO PARTNERSHIP INC. D/B/A VERIZON WIRELESS; AND SPRINT SPECTRUM L.P.,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Pursuant to Fed. R. Civ. P. 15(a)(1), Plaintiff Mobile Enhancement Solutions LLC files

this First Amended Complaint against Apple, Inc., AT&T Mobility LLC, Verizon

Communications Inc., CellCo Partnership Inc. d/b/a Verizon Wireless, and Sprint Spectrum L.P.

(collectively, "Defendants") for infringement of U.S. Patent No. 7,096,033 ("the '033 patent"),

U.S. Patent No. 6,879,838 ("the '838 patent"), U.S. Patent No. 7,317,687 ("the '687 patent"),

U.S. Patent No. 6,415,325 ("the '325 patent"), U.S. Patent No. 6,148,080 ("the '080 patent"),

and/or U.S. Patent No. 6,094,648 ("the '648 patent").

## THE PARTIES

1. Mobile Enhancement Solutions LLC ("MES") is a limited liability company

organized and existing under the laws of the State of Texas, with principal places of business

located in Newport Beach, California and Frisco, Texas.

2.      Apple Inc. ("Apple") is a California corporation with a principal place of business in Cupertino, California.  This Defendant has been served with process and has appeared.  This Defendant does business in the State of Texas and in the Northern District of Texas.

3.      AT&T Mobility LLC ("AT&T") is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.  This Defendant has been served with process and has appeared.  This Defendant does business in the State of Texas and in the Northern District of Texas.

4.      Verizon Communications Inc. is a Delaware corporation with its principal place of business in New York, New York.  This Defendant has been served with process and has appeared.  This Defendant does business in the State of Texas and in the Northern District of Texas.

5.      Cellco Partnership Inc. d/b/a Verizon Wireless (with Verizon Communications Inc., "Verizon") is a Delaware general partnership with its principal place of business in Basking Ridge, New Jersey.  This Defendant has been served with process and has appeared.  This Defendant does business in the State of Texas and in the Northern District of Texas.

6.      Sprint Spectrum L.P. ("Sprint") is a Delaware limited partnership with its principal place of business in Overland Park, Kansas.  This Defendant has been served with process and has appeared.  This Defendant does business in the State of Texas and in the Northern District of Texas.

## JURISDICTION AND VENUE

7.      MES brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

8.      This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

10.     Each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to Texas residents.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 7,096,033)

11.     MES incorporates paragraphs 1 through 10 herein by reference.

12.     MES is the assignee of the '033 patent, entitled "Mobile Apparatus Enabling Inter-Network Communication," with ownership of all substantial rights in the '033 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '033 patent is attached as Exhibit A.

13.     The '033 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

14.     Defendants have infringed and continue to infringe one or more claims of the '033 patent in this judicial district and elsewhere in Texas, including at least claims 1 and 3-8, without the consent or authorization of MES, by or through making, using, offering for sale,

selling and/or importing Apple Devices (*e.g.*, the iPhone 3GS, iPhone 4, iPhone 4S, and the iPad Wi-Fi + Cellular) that are configurable to communicate data received from a first communication network (*e.g.*, cellular network, WiFi network) to a second communication network (*e.g.*, WiFi network, cellular network).

15.     Defendants have been and now are inducing direct infringement of claims of the '033 patent, including (for example) at least claims 1 and 3-9, by consumers of Apple Devices (*e.g.*, the iPhone 3GS, iPhone 4, iPhone 4S, and the iPad Wi-Fi + Cellular) that are sold or otherwise provided by Defendants to such consumers, which Apple Devices are configured to communicate data received from a first communication network (*e.g.*, cellular network, WiFi network) to a second communication network (*e.g.*, WiFi network, cellular network).

16.     Defendants have been aware of the '033 patent since, at least, service of MES's Original Complaint.

17.     Defendants have knowledge that consumer use of Apple Devices that are configured to communicate data received from a first communication network (*e.g.*, cellular network, WiFi network) to a second communication network (*e.g.*, WiFi network, cellular network) infringes claims of the '033 patent based at least on MES's Original Complaint, this First Amended Complaint, and by notice letter dated June 13, 2012 (Ex. G). *See In re Bill of Lading Transmission and Processing System Patent Litigation*, No. 2010-1493, 2012 U.S. App. LEXIS 11519, at *44-47, 56-57 (Fed. Cir. June 7, 2011) (finding amended complaint contained sufficient factual allegations to enable the court to reasonably conclude that defendant is liable for inducing infringement where amended complaint alleged Defendant "became aware of the [asserted] patent … when the complaint was filed"); *Cascades Comp. Innovation, LLC v. Sony-Ericsson Mobile Commc'ns (USA) Inc.*, No. 11-cv-7223, 2012 U.S. Dist. LEXIS 55515, at *13

(N.D. Ill. Apr. 18, 2012) (finding plaintiff sufficiently plead the knowledge element of an indirect infringement claim in an amended complaint based on service of the original complaint).

18.     Despite having knowledge that consumer use of Apple Devices that are configured to communicate data received from a first communication network (*e.g.*, cellular network, WiFi network) to a second communication network (*e.g.*, WiFi network, cellular network) infringes claims of the '033 patent, Defendants have specifically intended for consumers to acquire and use such devices in a manner that infringes the '033 patent, including at least claims 1 and 3-9, and Defendants knew or should have known that their actions were inducing infringement.  Since the filing of MES's Original Complaint, Defendants have provided user guides and/or tutorials instructing consumers on how to configure Apple Devices (*e.g.*, the iPhone 3GS, iPhone 4, iPhone 4S, and the iPad Wi-Fi + Cellular) they provide to consumers to operate as a personal hotspot (*i.e.*, to communicate data received from a first communication network to a second communication network).  *See, e.g.,* Ex. H at 160-61; Ex. I; Ex J; Ex. K; Ex. L.  Defendants continue to provide user guides and/or tutorials instructing consumers on how to configure Apple Devices (*e.g.*, the iPhone 3GS, iPhone 4, iPhone 4S, and the iPad Wi-Fi + Cellular) they provide to consumers to operate as a personal hotspot.   Defendants' conduct amounts to active inducement of infringement of the '033 patent in violation of 35 U.S.C. § 271(b).   *See In re Bill of Lading Transmission and Processing System Patent Litigation*, No. 2010-1493, 2012 U.S. App. LEXIS 11519, at *35 (Fed. Cir. June 7, 2011) (A complaint pleading induced infringement "must contain facts plausibly showing that [Defendants] specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement.").

19.     Upon information and belief, Apple and AT&T test, make, use, offer for sale, sell, and/or import Apple Devices described in paragraph 14, including the iPhone 3GS, iPhone 4, and iPhone 4S, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Apple and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

20.     Upon information and belief, Apple and Sprint test, make, use, offer for sale, sell, and/or import Apple Devices described in paragraph 14, including the iPhone 4 and iPhone 4S, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Apple and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

21.     Upon information and belief, Apple and Verizon test, make, use, offer for sale, sell, and/or import Apple Devices described in paragraph 14, including the iPhone 4, iPhone 4S, and the iPad Wi-Fi + Cellular, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Apple and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

22.     Despite having knowledge of the '033 patent and knowledge that they are accused of infringing one or more claims of the '033 patent, Defendants have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '033 patent have been, and continue to be, willful, wanton and deliberate in disregard of MES's rights.

23.     MES has been damaged as a result of Defendants' infringing conduct described in this Count I.  Defendants are, thus, liable to MES in an amount that adequately compensates it

for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 6,879,838)

24.     MES incorporates paragraphs 1 through 23 herein by reference.

25.     MES is the assignee of the '838 patent, entitled "Distributed Location Based Service System," with ownership of all substantial rights in the '838 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '838 patent is attached as Exhibit B.

26.     The '838 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

27.     Defendants have infringed and continue to infringe one or more claims of the '838 patent in this judicial district and elsewhere in Texas, including at least claims 1, 3 and 9, without the consent or authorization of MES, by or through making, using, offering for sale, selling and/or importing Apple Devices (*e.g.*, the iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4S, iPad, iPad 2, and the iPad Wi-Fi + Cellular) that provide location services and store location information.

28.     Defendants have been and now are inducing direct infringement of claims of the '838 patent, including (for example) at least claims 1, 3 and 9, by consumers of Apple Devices (*e.g.*, the iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4S, iPad, iPad 2, and the iPad Wi-Fi + Cellular) that are sold or otherwise provided by Defendants to such consumers, which Apple Devices provide location services and store location information.

29.     Defendants are, and have been, aware of the '838 patent since, at least, service of MES's Original Complaint.

30.     Defendants have knowledge that consumer use of Apple Devices that provide location services and store location information infringes claims of the '838 patent based at least on MES's Original Complaint, this First Amended Complaint, and notice letter dated June 13, 2012 (Ex. G).  *See In re Bill of Lading Transmission and Processing System Patent Litigation*, No. 2010-1493, 2012 U.S. App. LEXIS 11519, at \*44-47, 56-57 (Fed. Cir. June 7, 2011) (finding amended complaint contained sufficient factual allegations to enable the court to reasonably conclude that defendant is liable for inducing infringement where amended complaint alleged Defendant "became aware of the [asserted] patent … when the complaint was filed"); *Cascades Comp. Innovation, LLC v. Sony-Ericsson Mobile Commc'ns (USA) Inc.*, No. 11-cv-7223, 2012 U.S. Dist. LEXIS 55515, at \*13 (N.D. Ill. Apr. 18, 2012) (finding plaintiff sufficiently plead the knowledge element of an indirect infringement claim in an amended complaint based on service of the original complaint).

31.     Despite having knowledge that consumer use of Apple Devices that provide location services and store location information infringes claims of the '838 patent, Defendants have specifically intended for consumers to acquire and use such devices in a manner that infringes the '838 patent, including at least claims 1, 3 and 9, and Defendants knew or should have known that their actions were inducing infringement.  Since the filing of MES's Original Complaint, Defendants have provided user guides and/or tutorials instructing consumers on how to use location based services (for example, but not limited to, the Maps application) on Apple Devices (*e.g.*, the iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4S, iPad, iPad 2, and the iPad Wi-Fi + Cellular) in an infringing manner. *See, e.g.,* Ex. H at 100-103; Ex. M; Ex. N; Ex.

O; Ex. P.  Defendants continue to provide user guides and/or tutorials instructing consumers on how to use location based services (for example, but not limited to, the Maps application) on Apple Devices in an infringing manner.  Defendants' conduct amounts to active inducement of infringement of the '838 patent in violation of 35 U.S.C. § 271(b).  *See In re Bill of Lading Transmission and Processing System Patent Litigation*, No. 2010-1493, 2012 U.S. App. LEXIS 11519, at *35 (Fed. Cir. June 7, 2011) (A complaint pleading induced infringement "must contain facts plausibly showing that [Defendants] specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement.").

32.     Upon information and belief, Apple and AT&T test, make, use, offer for sale, sell, and/or import Apple Devices described in paragraph 27, including the iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4S, iPad, iPad 2, and the iPad Wi-Fi + Cellular, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Apple and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

33.     Upon information and belief, Apple and Sprint test, make, use, offer for sale, sell, and/or import Apple Devices described in paragraph 27, including the iPhone 4 and iPhone 4S, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Apple and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

34.     Upon information and belief, Apple and Verizon test, make, use, offer for sale, sell, and/or import Apple Devices described in paragraph 27, including the iPhone 4, iPhone 4S, iPad 2, and the iPad Wi-Fi + Cellular, pursuant to one or more contractual agreements between

them relating to, at least, the distribution and sale of such devices.  Accordingly, Apple and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

35.    Despite having knowledge of the '838 patent and knowledge that they are accused of infringing one or more claims of the '838 patent, Defendants have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '838 patent have been, and continue to be, willful, wanton and deliberate in disregard of MES's rights.

36.    MES has been damaged as a result of Defendants' infringing conduct described in this Count II.  Defendants are, thus, liable to MES in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 7,317,687)

37.    MES incorporates paragraphs 1 through 36 herein by reference.

38.    MES is the assignee of the '687 patent, entitled "Transmitting Data Frames with Less Interframe Space (IFS) Time," with ownership of all substantial rights in the '687 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '687 patent is attached as Exhibit C.

39.    The '687 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

40.    Defendants have infringed and continue to infringe one or more claims of the '687 patent in this judicial district and elsewhere in Texas, including at least claims 1 and 5 without the consent or authorization of MES, by or through their testing, making, using, offering

for sale, selling, and/or importing Apple Devices (*e.g.*, the iPhone 4, iPhone 4S, iPad, iPad 2, and the iPad Wi-Fi + Cellular) that communicate information over a data network (*e.g.*, an 802.11 network) using reduced interframe spacing (RIFS).

41. Defendants have been and now are inducing direct infringement of claims of the '687 patent, including (for example) claims 1 and 5, by consumers of Apple Devices (*e.g.*, the iPhone 4, iPhone 4S, iPad, iPad 2, and the iPad Wi-Fi + Cellular) that are sold or otherwise provided by Defendants to such consumers, which Apple Devices communicate information over a data network (*e.g.*, an 802.11 network) using reduced interframe spacing (RIFS).

42. Defendants have been aware of the '687 patent since, at least, service of MES's Original Complaint.

43. Defendants have knowledge that consumer use of Apple Devices (*e.g.*, the iPhone 4, iPhone 4S, iPad, iPad 2, and the iPad Wi-Fi + Cellular) that communicate information over a data network (*e.g.*, an 802.11 network) using reduced interframe spacing (RIFS) infringes claims of the '687 patent based at least on MES's Original Complaint, this First Amended Complaint, and notice letter dated June 13, 2012 (Ex. G). *See In re Bill of Lading Transmission and Processing System Patent Litigation*, No. 2010-1493, 2012 U.S. App. LEXIS 11519, at *44-47, 56-57 (Fed. Cir. June 7, 2011) (finding amended complaint contained sufficient factual allegations to enable the court to reasonably conclude that defendant is liable for inducing infringement where amended complaint alleged Defendant "became aware of the [asserted] patent … when the complaint was filed"); *Cascades Comp. Innovation, LLC v. Sony-Ericsson Mobile Commc'ns (USA) Inc.*, No. 11-cv-7223, 2012 U.S. Dist. LEXIS 55515, at *13 (N.D. Ill. Apr. 18, 2012) (finding plaintiff sufficiently plead the knowledge element of an indirect infringement claim in an amended complaint based on service of the original complaint).

44.     Despite having knowledge that consumer use of Apple Devices (*e.g.*, the iPhone 4, iPhone 4S, iPad, iPad 2, and the iPad Wi-Fi + Cellular) that communicate information over a data network (*e.g.*, an 802.11 network) using reduced interframe spacing (RIFS) infringes claims of the '687 patent, Defendants have specifically intended for consumers to acquire and use such devices in a manner that infringes the '687 patent, including at least claims 1 and 5, and Defendants knew or should have known that their actions were inducing infringement.  Since the filing of MES's Original Complaint, Defendants have advertised that Apple Devices (*e.g.*, the iPhone 4, iPhone 4S, iPad, iPad 2, and the iPad Wi-Fi + Cellular) they provide consumers are 802.11n compliant and provided user guides and/or tutorials that instruct consumers on how to connect such Apple Devices to WiFi data networks (*e.g.*, 802.11 networks) that use reduced interframe spacing (RIFS), which causes the Apple Devices to perform methods claimed by the '687 patent.  *See, e.g.,* Ex. H at 158-59; Ex. Q; Ex. R; Ex. S; Ex. T; Ex. U; Ex. V; Ex. W. Defendants continue to advertise that Apple Devices (*e.g.*, the iPhone 4, iPhone 4S, iPad, iPad 2, and the iPad Wi-Fi + Cellular) they provide to consumers are 802.11n compliant and provide user guides and/or tutorials that instruct consumers on how to connect such Apple Devices to WiFi data networks (*e.g.*, 802.11 networks) that use reduced interframe spacing (RIFS). Defendants' conduct amounts to active inducement of infringement of the '687 patent in violation of 35 U.S.C. § 271(b).  *See In re Bill of Lading Transmission and Processing System Patent Litigation*, No. 2010-1493, 2012 U.S. App. LEXIS 11519, at *35 (Fed. Cir. June 7, 2011) (A complaint pleading induced infringement "must contain facts plausibly showing that [Defendants] specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement.").

45.     Upon information and belief, Apple and AT&T test, make, use, offer for sale, sell, and/or import Apple Devices described in paragraph 40, including the iPhone 4, iPhone 4S, iPad, iPad 2, and the iPad Wi-Fi + Cellular, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.   Accordingly, Apple and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

46.     Upon information and belief, Apple and Sprint test, make, use, offer for sale, sell, and/or import Apple Devices described in paragraph 40, including the iPhone 4 and iPhone 4S, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.   Accordingly, Apple and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

47.     Upon information and belief, Apple and Verizon test, make, use, offer for sale, sell, and/or import Apple Devices described in paragraph 40, including the iPhone 4, iPhone 4S, iPad 2, and the iPad Wi-Fi + Cellular, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.   Accordingly, Apple and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

48.     Despite having knowledge of the '687 patent and knowledge that they are accused of infringing one or more claims of the '687 patent, Defendants have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '687 patent have been, and continue to be, willful, wanton and deliberate in disregard of MES's rights.

49.     MES has been damaged as a result of Defendants' infringing conduct described in this Count III.  Defendants are, thus, liable to MES in an amount that adequately compensates it

for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV

### (INFRINGEMENT OF U.S. PATENT NO. 6,415,325)

50.    MES incorporates paragraphs 1 through 49 herein by reference.

51.    MES is the assignee of the '325 patent, entitled "Transmission System with Improved Synchronization," with ownership of all substantial rights in the '325 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '325 patent is attached as Exhibit D.

52.    The '325 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

53.    Defendants Apple, AT&T and Verizon have infringed and continue to infringe one or more claims of the '325 patent in this judicial district and elsewhere in Texas, including at least claim 7 without the consent or authorization of MES, by or through their testing, making, using, offering for sale, selling, and/or importing Apple Devices (*e.g.*, the iPad Wi-Fi + Cellular) configured to operate on a communication network (*e.g.*, an LTE network) and extract a timing signal from data communicated over the network.

54.    Defendants Apple, AT&T, and Verizon have been and now are inducing direct infringement of claims of the '325 patent, including (for example) at least claims 1 and 7, by consumers of Apple Devices (*e.g.*, the iPad Wi-Fi + Cellular) that are sold or otherwise provided by Apple, AT&T, or Verizon to such consumers, which Apple Devices operate on a communication network (*e.g.*, an LTE network) and extract a timing signal from data communicated over the network.

55.     Defendants Apple, AT&T and Verizon have been aware of the '325 patent since, at least, service of MES's Original Complaint.

56.     Defendants Apple, AT&T and Verizon have knowledge that consumer use of Apple Devices (*e.g.*, the iPad Wi-Fi + Cellular) that operate on a communication network (*e.g.*, an LTE network) and extract a timing signal from data communicated over the network infringes claims of the '325 patent based at least on MES's Original Complaint, this First Amended Complaint, and notice letter dated June 13, 2012 (Ex. G). *See In re Bill of Lading Transmission and Processing System Patent Litigation*, No. 2010-1493, 2012 U.S. App. LEXIS 11519, at *44-47, 56-57 (Fed. Cir. June 7, 2011) (finding amended complaint contained sufficient factual allegations to enable the court to reasonably conclude that defendant is liable for inducing infringement where amended complaint alleged Defendant "became aware of the [asserted] patent … when the complaint was filed"); *Cascades Comp. Innovation, LLC v. Sony-Ericsson Mobile Commc'ns (USA) Inc.*, No. 11-cv-7223, 2012 U.S. Dist. LEXIS 55515, at *13 (N.D. Ill. Apr. 18, 2012) (finding plaintiff sufficiently plead the knowledge element of an indirect infringement claim in an amended complaint based on service of the original complaint).

57.     Despite having knowledge that consumer use of Apple Devices (*e.g.*, the iPad Wi-Fi + Cellular) that operate on a communication network (*e.g.*, an LTE network) and extract a timing signal from data communicated over the network infringes claims of the '325 patent, Defendants Apple, AT&T and Verizon have specifically intended for consumers to acquire and use such devices in a manner that infringes the '325 patent, including at least claims 1 and 7, and Defendants knew or should have known that their actions were inducing infringement.  Since the filing of MES's Original Complaint, Defendants Apple, AT&T and Verizon have advertised that Apple Devices (*e.g.*, the iPad Wi-Fi + Cellular) they provide to consumers can be used to

communicate over an LTE network, thereby encouraging consumers to use the Apple Devices on an LTE network in a manner that infringes claims of the '325 patent. *See, e.g.,* Ex. X; Ex. Y; Ex. Z. Defendants continue to advertise and sell LTE compatible Apple Devices to consumers. Defendants' conduct amounts to active inducement of infringement of the '325 patent in violation of 35 U.S.C. § 271(b). *See In re Bill of Lading Transmission and Processing System Patent Litigation*, No. 2010-1493, 2012 U.S. App. LEXIS 11519, at *35 (Fed. Cir. June 7, 2011) (A complaint pleading induced infringement "must contain facts plausibly showing that [Defendants] specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement.").

58.     Upon information and belief, Apple and AT&T test, make, use, offer for sale, sell, and/or import Apple devices described in paragraph 53, including the iPad Wi-Fi + Cellular, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Apple and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

59.     Upon information and belief, Apple and Verizon test, make, use, offer for sale, sell, and/or import Apple devices described in paragraph 53, including the iPad Wi-Fi + Cellular, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Apple and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

60.     Despite having knowledge of the '325 patent and knowledge that they are accused of infringing one or more claims of the '325 patent, Defendants Apple, AT&T and Verizon have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of

infringement; thus, Defendants' infringing activities relative to the '325 patent have been, and continue to be, willful, wanton and deliberate in disregard of MES's rights.

61.     MES has been damaged as a result of Apple's, AT&T's, and Verizon's infringing conduct described in this Count IV.  Defendants Apple, AT&T, and Verizon are, thus, liable to MES in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V

(INFRINGEMENT OF U.S. PATENT NO. 6,148,080)

62.     MES incorporates paragraphs 1 through 61 herein by reference.

63.     MES is the assignee of the '080 patent, entitled "Mobile Telephone with Amplified Listening," with ownership of all substantial rights in the '080 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '080 patent is attached as Exhibit E.

64.     The '080 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

65.     Defendants have infringed and continue to directly infringe one or more claims of the '080 patent in this judicial district and elsewhere in Texas and the United States by or through their testing, making, using, offering for sale, selling, and/or importing of Apple devices. Defendants have been, and now are, directly infringing claims of the '080 patent, including (for example) at least claims 6 and 9 of the '080 patent, by or through their testing, making, using, offering for sale, selling, and/or importing of Apple devices, including the iPhone 4 and iPhone 4S.

66.     Defendants are, and have been, aware of the '080 patent since, at least, service of MES's Original Complaint and notice letter dated June 13, 2012.

67.     Defendants have had knowledge of the infringing nature of its activities since, at least service of MES's Original Complaint and notice letter dated June 13, 2012 (Ex. G).

68.     Upon information and belief, Apple and AT&T test, make, use, offer for sale, sell, and/or import Apple devices described in paragraph 65, including the iPhone 4 and iPhone 4S, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Apple and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

69.     Upon information and belief, Apple and Sprint test, make, use, offer for sale, sell, and/or import Apple devices described in paragraph 65, including the iPhone 4 and iPhone 4S, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Apple and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

70.     Upon information and belief, Apple and Verizon test, make, use, offer for sale, sell, and/or import Apple devices described in paragraph 65, including the iPhone 4 and iPhone 4S, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Apple and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

71.     Despite having knowledge of the '080 patent and knowledge that they are accused of infringing one or more claims of the '080 patent, Defendants have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus,

Defendants' infringing activities relative to the '080 patent have been, and continue to be, willful, wanton and deliberate in disregard of MES's rights.

72.     MES has been damaged as a result of Defendants' infringing conduct described in this Count V. Defendants are, thus, liable to MES in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT VI

### (INFRINGEMENT OF U.S. PATENT NO. 6,094,648)

73.     MES incorporates paragraphs 1 through 72 herein by reference.

74.     MES is the assignee of the '648 patent, entitled "User Interface for Document Retrieval," with ownership of all substantial rights in the '648 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '648 patent is attached as Exhibit F.

75.     The '648 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

76.     Defendant Apple has infringed and continues to infringe one or more claims of the '648 patent in this judicial district and elsewhere in Texas, including at least claims 1 and 2 without the consent or authorization of MES, by or through their testing, making, using, offering for sale, selling, and/or importing devices and/or software that provide a search interface that includes a relevance, or rank, indicator (*e.g.*, devices that include Apple Mail).

77.     Apple has been and now is inducing direct infringement of claims of the '648 patent, including (for example) at least claims 1 and 2, by consumers of devices and/or software sold or otherwise provided by Apple to such consumers, which devices and/or software provide a

search interface that includes a relevance, or rank, indicator (*e.g.*, devices that include Apple Mail).

78.     Apple has been aware of the '648 patent since, at least, service of MES's Original Complaint.

79.     Apple has knowledge that consumer use of devices and/or software sold or otherwise provided by Apple that provide a search interface that includes a relevance, or rank, indicator (*e.g.*, devices that include Apple Mail) based at least on MES's Original Complaint, this First Amended Complaint, and notice letter dated June 13, 2012 (Ex. G). *See In re Bill of Lading Transmission and Processing System Patent Litigation*, No. 2010-1493, 2012 U.S. App. LEXIS 11519, at *44-47, 56-57 (Fed. Cir. June 7, 2011) (finding amended complaint contained sufficient factual allegations to enable the court to reasonably conclude that defendant is liable for inducing infringement where amended complaint alleged Defendant "became aware of the [asserted] patent … when the complaint was filed"); *Cascades Comp. Innovation, LLC v. Sony-Ericsson Mobile Commc'ns (USA) Inc.*, No. 11-cv-7223, 2012 U.S. Dist. LEXIS 55515, at *13 (N.D. Ill. Apr. 18, 2012) (finding plaintiff sufficiently plead the knowledge element of an indirect infringement claim in an amended complaint based on service of the original complaint).

80.     Despite having knowledge that consumer use of devices and/or software sold or otherwise provided by Apple that provide a search interface that includes a relevance, or rank, indicator (*e.g.*, devices that include Apple Mail), Apple has specifically intended for consumers to acquire and use such devices and/or software in a manner that infringes the '648 patent, including at least claims 1 and 2, and Apple knew or should have known that its actions were inducing infringement.  Since the filing of MES's Original Complaint, Apple has advertised Apple Mail products and provided user guides that instruct consumers on how to perform a

search using Apple Mail that returns a relevance, or rank, indicator, thereby encouraging consumers to purchase and operate Apple Mail devices and software in an infringing manner. *See, e.g.,* Mac OS X: Mail Basics, http://support.apple.com/kb/VI211 (last visited June 13, 2012) (video describing how to perform search using Mail).  Apple continues to advertise Apple Mail products and provide user guides that instruct consumers on how to perform a search using Apple Mail that returns a relevance, or rank, indicator.   Apple's conduct amounts to active inducement of infringement of the '648 patent in violation of 35 U.S.C. § 271(b).  *See In re Bill of Lading Transmission and Processing System Patent Litigation*, No. 2010-1493, 2012 U.S. App. LEXIS 11519, at *35 (Fed. Cir. June 7, 2011) (A complaint pleading induced infringement "must contain facts plausibly showing that [Defendants] specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement.").

81.     Despite having knowledge of the '648 patent and knowledge that they are accused of infringing one or more claims of the '648 patent, Apple has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement; thus, Apple's infringing activities relative to the '648 patent have been, and continue to be, willful, wanton and deliberate in disregard of MES's rights.

82.     MES has been damaged as a result of Apple's infringing conduct described in this Count VI.  Apple is, thus, liable to MES in an amount that adequately compensates it for Apple's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JOINDER OF PARTIES

83.     MES incorporates paragraphs 1 through 82 herein by reference.

84.     On information and belief, each of AT&T, Verizon, and Sprint have purchased or otherwise obtained from Apple devices for sale, resale, and/or distribution to consumers that are the subject of Counts I, II, III, IV, and/or V.  Thus, for these Counts, the right to relief against AT&T, Verizon, and/or Sprint is asserted jointly, severally, or in the alternative against Apple.

85.     The alleged infringement of counts I through V arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the testing, making, using, offering for sale, selling, and/or importing of the Apple devices that are the subject of Counts I through V.

86.     Questions of fact common to all defendants will arise in this action including, for example, infringement by Apple devices.

87.     Thus, Joinder of Apple, AT&T, Verizon, and Sprint is proper in this litigation pursuant to 35 U.S.C. § 299(a).

## JURY DEMAND

MES hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

MES requests that the Court find in its favor and against Defendants, and that the Court grant MES the following relief:

a.      Judgment that one or more claims of the '033, '838, '687, '325, '080, and '648 patents have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants;

b.      Judgment that Defendants account for and pay to MES all damages to and costs incurred by MES because of Defendants' infringing activities and other conduct complained of herein;

c.      Judgment that Defendants account for and pay to MES a reasonable, on-going, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d.      That MES be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

e.      That MES be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:  June 14, 2012**                          Respectfully submitted,

/s/ Brent N. Bumgardner
Brent N. Bumgardner
Texas State Bar No. 00795272
Attorney-in-Charge
Edward R. Nelson, III
Texas State Bar No. 00797142
Ryan P. Griffin
Texas State Bar No. 24053687
Steven W. Hartsell
Texas State Bar No. 24040199
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
(817) 377-3485 (fax)
enelson@nbclaw.net
bbumgarnder@nbclaw.net
rgriffin@nbclaw.net
shartsell@nbclaw.net

**Attorneys for Plaintiff**
**Mobile Enhancement Solutions LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of June, 2012, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, Dallas Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Brent N. Bumgardner