**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| MOBILE ENHANCEMENT SOLUTIONS LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| APPLE, INC., ET AL., | § § | |
| Defendants. | § § | |
| MOBILE ENHANCEMENT SOLUTIONS LLC, | § § § | Nos. 3:12-cv-00795-M; 3:12-cv-00794-M; 3:12-cv-00797-M. |
| Plaintiff, | § § | |
| v. | § § | |
| HTC CORPORATION, ET AL., | § § | |
| Defendants. | § § | |
| MOBILE ENHANCEMENT SOLUTIONS LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| MOTOROLA MOBILITY, LLC, ET AL. | § § | |
| Defendants. | § | |

**ORDER CONSOLIDATING FOR CLAIM CONSTRUCTION AND REQUIRING SCHEDULING CONFERENCE AND REPORT FOR CONTENTS OF SCHEDULING ORDER**

The Court hereby gives notice that it will consolidate these three cases for the purposes of the Court's claim construction hearing and all related claim construction deadlines and procedures. The parties are directed to indicate in their Joint Report, detailed below, which other deadlines, including discovery deadlines, the parties believe should be shared between the cases.

Pursuant to Fed. R. Civ. P. 16(b), Rule 26, and the Court's Civil Justice Expense and Delay Reduction Plan (the "Plan"), the Court enters this Order to promote possible early settlement of this action and to facilitate subsequent entry of a Scheduling Order. This Order is being sent to all counsel and unrepresented parties who have appeared. <u>If there are other defendants who have not appeared, but who have been in contact with the plaintiff or plaintiff's counsel, then the plaintiff's counsel (or the plaintiff if the plaintiff is unrepresented) is responsible for contacting such defendants and making every effort to ensure their meaningful participation in the conference.</u>

**\*\*\*NOTE: If the parties are agreeable to this case being tried within six (6) months, with only agreed discovery as to which no motions will be permitted, and no dispositive motions may be filed, then the parties, upon agreement, should write to advise the Court Coordinator, no later than December 11, 2012, and a trial date within six (6) months will be set. The deadlines for joinder of parties, and amendment of pleadings, will be set one (1) month after the date of the trial setting order. If the parties are not agreeable to this case being tried within six (6) months, then the parties should meet and file a Joint Report as set out in Sections I and II of this Order.**

I.

Lead counsel for each party (or a designee attorney with appropriate authority) and any unrepresented party (except for a prisoner litigant proceeding <u>pro se</u>) shall confer as soon as practicable, but in any event no later than **November 27, 2012** (the "Scheduling Conference") and consider (1) the nature and basis for their claims and defenses; (2) the possibilities for a prompt resolution of the case; (3) to make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1) and to prepare the report described below. It is the Court's belief that a personal face-to-face meeting is usually the most productive type of conference, but the Court will leave to the professionalism of the parties a determination of the form for the Scheduling Conference. As a result of the Scheduling Conference, counsel shall prepare and submit a Report Regarding Contents of Scheduling Order ("Joint Report"). The Joint Report shall also include a status report on settlement negotiations but shall not disclose settlement figures.

II.

The Joint Report, which shall be filed on or before **December 11, 2012**, shall include the following in separate numbered paragraphs (but NOT in a proposed Order format):

(1) A brief statement of the claims and defenses;
(2) A proposed time limit to file motions for leave to join other parties;
(3) A proposed time limit to amend the pleadings;
(4) Proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers 120 days);
(5) A proposed time limit for initial designation of experts;
(6) A proposed time limit for responsive designation of experts;

(7) A proposed time limit for objections to experts (i.e. <u>Daubert</u> and similar motions);
(8) A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues;
(9) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;
(10) Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;
(11) Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order.
(12) A proposed trial date, estimated number of days required for trial and whether jury has been demanded;
(13) A proposed date for further settlement negotiations;
(14) Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;
(15) Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Irma Carrillo Ramirez (consent form attached);
(16) Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;
(17) Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;
(18) Whether a conference with the Court is desired; and
(19) Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).

The filing of the Joint Report is mandatory. **When submitting proposed dates to the Court, the parties should assume that the Scheduling Order will be entered by the Court within approximately one month from the date of the parties' Joint Report.** All parties shall endeavor to prepare joint suggestions, but if they cannot agree, the Joint Report shall reflect their respective views. In such a case, the Joint Report shall set forth with each party's respective recommendation a statement of why agreement could not be reached. The names of any persons named in the case who did not participate in the conference shall be identified in the Joint Report.

III.

Unless plaintiff is unrepresented, lead counsel for plaintiff is responsible for initiating contact with opposing counsel and all unrepresented parties for the purpose of arranging the Scheduling Conference and preparing the Joint Report. Lead counsel for all parties and

unrepresented parties are equally responsible for seeing that this Order is complied with in a timely manner. At least one counsel for each party and all unrepresented parties shall sign the Joint Report prior to filing.

IV.

Because pursuant to Fed. R. Civ. P. 16(b), the Court is to enter a Scheduling Order "as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant," any request for an extension of time to file the Joint Report shall be denied, absent a showing of good cause.

V.

Unless a scheduling conference with the Court is set, a Scheduling Order will be issued following the Court's review of the Joint Report. **Once the Scheduling Order has been issued, a continuance of the trial date will not be granted absent extraordinary circumstances.** Without filing a motion, the parties may agree to the extension of any date in the Scheduling Order except for the dispositive motion deadline, pretrial material filing deadline, pretrial conference date and trial date; provided, however, that no extensions will be given effect by the Court unless the Court receives prompt written notice confirming the existence of the extension.

VI.

Unless this is an action exempted by Fed. R. Civ. P. 26(a)(1)(E), or objection to disclosure is asserted at the Scheduling Conference, in good faith, as provided in Fed. R. Civ. P. 26(a)(1), the parties must make the disclosures described in Fed. R. Civ. P. 26(a)(1) within fourteen days of the date set out in Paragraph I hereof.

Questions relating to this Order are to be directed to Ms. Lori Anne Greco, Courtroom Deputy (214/753-2421).

**IT IS SO ORDERED**.

SIGNED: October 29, 2012, at Dallas, Texas.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS